Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Laurel J. Holland
Assistant United States Attorney
Post Office Box 21
Richland, WA 99352
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 2 7 2025

SEAN F. McAVOY, CLERK
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 4:24-CR-6023-MKD-1 |
| Plaintiff, | Plea Agreement |
| v. | |
| RONALD LEE VAN NOTE II, | |
| Defendant. | |

Plaintiff United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Laurel J. Holland, Assistant United States Attorney for the Eastern District of Washington, and Defendant Ronald Lee Van Note II ("Defendant"), both individually and by and through Defendant's counsel, Deputy Federal Defender Nick Mirr, agree to the following Plea Agreement.

1. **Guilty Plea and Maximum Statutory Penalties**

Defendant agrees to enter a plea of guilty to Count 2 of the Indictment filed on September 4, 2024, which charges Defendant with Simple Assault on an Aircraft, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1), a Class B misdemeanor.

PLEA AGREEMENT - 1

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of not more than six (6) months;

    b.    a term of probation of not more than five (5) years or a term of supervised release of not more than one (1) year;

    c.    a fine of up to $5,000;

    d.    restitution; and

    e.    a $10 special penalty assessment.

2.    <u>Probation</u>

Defendant understands that if the Court imposes probation and Defendant violates any condition of Defendant's probation, pursuant to 18 U.S.C. § 3565(a)(2), the Court may revoke Defendant's term of probation and resentence Defendant under 18 U.S.C. Part II, Chapter 227, Subchapter A (§§ 3551 through 3559). Defendant further understands that upon such resentencing, the Court may impose the potential penalties outlined in Paragraph 1 above, including a term of imprisonment of not more than 6 months; a term of supervised release of not more than 1 year; and a fine of up to $5,000.

3.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

    a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

PLEA AGREEMENT - 2

   c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

4. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

  a. sentencing is a matter solely within the discretion of the Court;

  b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

  c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

  d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

  e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

  f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

PLEA AGREEMENT - 3

    a.    pleading guilty in this case may have immigration consequences;

    b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

    d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

PLEA AGREEMENT - 4

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7. Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Simple Assault on an Aircraft, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1), the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, on or about May 18, 2024, Defendant intentionally assaulted C.R.G.;

    b. *Second*, the assault occurred in flight while Defendant was on an aircraft in the special aircraft jurisdiction of the United States; and

    c. *Third*, the flight on which the assault occurred landed in the Eastern District of Washington.

8. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

On May 18, 2024, during a commercial flight that ultimately landed in the Eastern District of Washington, Defendant willfully and intentionally touched the person of C.R.G., a female passenger seated next to him, without her consent. C.R.G. reported that the touching included Defendant forcibly placing his arm

PLEA AGREEMENT - 5

around C.R.G., interlocking arms with C.R.G., and pinning C.R.G.'s leg with his leg, preventing her exit from her seat. C.R.G. pulled away, or attempted to pull away, from Defendant during each of these physical contacts. C.R.G. reported that Defendant stated to her that he was going to take her to bathroom and "f--- the s--" out of her. C.R.G. was afraid of Defendant. C.R.G. was able to exit her seat and run to the rear of the aircraft approximately 35 minutes prior to the aircraft landing in Pasco, Washington. C.R.G. described Defendant's conduct to flight attendants on the aircraft, and later, to law enforcement authorities. C.R.G. also reported injuring her knee during her efforts to exit her seat to get away from Defendant.

Defendant was contacted by law enforcement upon exiting the aircraft. Defendant was visibly intoxicated.

C.R.G. and Defendant were traveling on Allegiant Air flight 2267, which departed from Phoenix-Mesa Gateway Airport and landed at Pasco/Tri-Cities Airport on May 18, 2024.

Defendant stipulates and agrees that on May 18, 2024, he intentionally assaulted C.R.G. by willfully and intentionally touching and making physical contact with her without justification or excuse in a manner a reasonable person would deem offensive. Defendant further admits the assault occurred in flight while Defendant was on an aircraft in the special aircraft jurisdiction of the United States, and the flight on which the assault occurred landed in the Eastern District of Washington.

9. <u>The United States' Agreements</u>

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Count 1 of the Indictment filed on September 4, 2024, which charges Defendant with Threat to Commit Sexual Abuse on an Aircraft, in violation of 18 U.S.C. § 2242(3) and 49 U.S.C. §§ 46507(2), 46506(1).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10. United States Sentencing Guidelines Calculations

    a. U.S.S.G. § 1B1.9

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") do not apply because the offense of conviction is a Class B misdemeanor.

    b. Agreements Regarding Representations to the Court

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release or probation, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

    i. The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

    ii. The United States and Defendant may each supplement the facts under consideration by the Court by providing

PLEA AGREEMENT - 7

|      |      | information the United States or Defendant deems relevant; |
|------|------|---|
| iii. |      | The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing; |
| iv.  |      | The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report; |
| v.   |      | The United States and Defendant may each respond to any arguments presented by the other; |
| vi.  |      | In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court; |
| vii. |      | In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a |

PLEA AGREEMENT - 8

|   |      | higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court; |
|---|------|---|
|   | viii. | The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and |
|   | ix.  | Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate. |

    c.    <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

    d.    <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

11.    <u>Incarceration</u>[1]

---

[1] At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to

PLEA AGREEMENT - 9

The United States and Defendant agree to jointly recommend that the Court impose no term of imprisonment. The United States and Defendant agree to jointly recommend that, in lieu of any term of imprisonment, the Court impose a term of five (5) years' probation. Defendant agrees that the Court's decision regarding the length, terms, and conditions of Defendant's probation is final and non-appealable; that is, even if Defendant is unhappy with the conditions of probation ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of probation.

The United States and Defendant agree to recommend that in addition to the standard conditions of probation imposed in all cases in this District, the Court should also impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b.    Defendant shall participate in and complete a substance use disorder evaluation and any treatment program or testing recommended by the treatment provider. In the event that no

---

argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

PLEA AGREEMENT - 10

       treatment is recommended in the initial evaluation, Defendant and the United States agree that the Court shall order Defendant to complete an outpatient treatment program due to the specific nature of this conviction.

   c. Defendant shall participate in and complete a mental health evaluation and any treatment program, if recommended.

   d. Defendant shall participate in and complete an alcohol use disorder evaluation and any treatment program or testing recommended by a treatment provider. In the event that no treatment is recommended in the initial evaluation, Defendant and the United States agree that the Court shall order Defendant to complete an outpatient treatment program due to the specific nature of this conviction.

   e. For any evaluation or treatment program Defendant is directed to complete, Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to Defendant's ability.

12. <u>Criminal Fine</u>

The United States and Defendant agree to recommend the Court forego the imposition of a criminal fine to facilitate payment of restitution to C.R.G. Nonetheless, Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. <u>Mandatory Special Penalty Assessment</u>

PLEA AGREEMENT - 11

1  Defendant agrees to pay the $10 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

14. Restitution

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663, 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

    a.   Restitution Amount and Interest

The United States and Defendant stipulate and agree that the Court should order restitution in an amount of $5,000, to C.R.G. to cover future counseling costs, and that interest on this restitution amount, if any, should be waived.

    b.   Payments

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

    c.   Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.

If applicable, the TOP may take part or all of Defendant's federal tax refund,

PLEA AGREEMENT - 12

federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

      d.    Obligations, Authorizations, and Notifications

Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant acknowledges and understands that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

PLEA AGREEMENT - 13

Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until Defendant's fine and restitution orders are paid in full, Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office within a reasonable period of time, but no later than within 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Until Defendant's fine and restitution orders are paid in full, Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Pursuant to 18 U.S.C. § 3612(b)(F), Defendant understands and agrees that until Defendant's fine and restitution orders are paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

15. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>

PLEA AGREEMENT - 14

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes, on any grounds.

Defendant expressly waives Defendant's right to appeal any fine, term and conditions of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

  a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

  b. The United States may prosecute Defendant on all available charges;

  c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

  d. The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Richard R. Barker
Acting United States Attorney

_____  3/27/25
Laurel J. Holland                Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____  3-27-25
Ronald Lee Van Note II           Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

PLEA AGREEMENT - 17

_____    Date  3/27/25
Nick Mirr
Attorney for Defendant

PLEA AGREEMENT - 18